UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **BILLIE BETH STILLINGER,**<br><br>　　　　　　　　**Plaintiff,**<br>v.<br><br>**LUMICO LIFE INSURANCE COMPANY,**<br><br>　　　　　　　　**Defendant.** | Civil Action No. 2:24-cv-01853-DCN<br><br>**COMPLAINT**<br>(Jury Trial Requested) |

# INTRODUCTION

1.　　The headings contained in this Complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

# PARTIES

2.　　Plaintiff Bille Beth Stillinger ("Ms. Stillinger") is a citizen and resident of Dorchester County, South Carolina.

3.　　Defendant Lumico Life Insurance Company ("Lumico") is a foreign insurance company organized and existing under the laws of the State of Missouri. Lumico's statutory home office is located at 2701 West Main Street, Suite 201, Jefferson City, MO 65109. Lumico's principal business address is 175 King Street, Armonk, NY 10504.

4.　　Lumico does business in South Carolina, including Dorchester County, as an admitted life insurance company: NAIC Code 73504, NAIC Group Number 181 – Swiss Re Grp, SBS Company Number 94309491.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as there is complete diversity of the parties and Ms. Stillinger's damages exceed Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1332(b)(2), and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division of the United States District Court for the District of South Carolina because a substantial part of the events and omissions giving rise to Ms. Stillinger's claims occurred in Ridgeville, Dorchester County, South Carolina.

## GENERAL FACTUAL ALLEGATIONS

7. Ms. Stillinger is the surviving spouse of Guyman Stillinger ("Mr. Stillinger").

8. On or about January 6, 2022, Mr. Stillinger's submitted an oral application for a life insurance policy with Lumico for $400,000.

9. Mr. Stillinger's oral application was completed over the telephone by Krystle Cortez ("Ms. Cortez"). At the time of the oral application, Mr. Stillinger was physically in South Carolina, where he resided.

10. Ms. Cortez was an insurance producer working through Assurance IQ, LLC ("Assurance")—an insurance agency with physical offices in Seattle, Washington.

11. While Assurance and Ms. Cortez were licensed respectively as a non-resident agency and insurance producer in South Carolina, neither was appointed by Lumico to sell or solicit life insurance, to take or transmit life insurance applications, on its behalf.

12. Despite being aware it had not appointed Assurance and Ms. Cortez to represent it in South Carolina and the South Carolina Department of Insurance had not verified that Assurance and Ms. Cortez were eligible for appointment, Lumico accepted the oral application taken by Ms. Cortez on Mr. Stillinger's life.

13. Following its acceptance of the oral application taken by Ms. Cortez, Lumico did not submit any certification to the South Carolina Department of Insurance appointing Assurance and Ms. Cortez to act on its behalf.

14. The same day that Ms. Cortez submitted his oral application—January 6, 2022—and as part of its underwriting process, Lumico obtained a Milliman Intelliscript ("Milliman") consumer report for Mr. Stillinger.

15. The Milliman report provided Lumico with a detailed Prescription History Summary, Prescription History Detail, Prescription History Physician(s), Medical History Detail, and Report Requests.

16. The Consumer Report for Lumico Life confirmed that Lumico had previously requested the same Milliman report on November 9, 2021.

17. The Milliman Report put Lumico on notice that Mr. Stillinger had previously applied for life insurance coverage with Transamerica Life Insurance Company in January 2021, and with American General Life Insurance Company in March 2020.

18. Despite being aware of Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, Lumico did not conduct any further investigation.

19. Lumico approved Mr. Stillinger's oral application taken by Ms. Cortez and issued a $400,000 simplified issue ten-year level term life insurance policy effective January 28, 2022, policy number L2643208 ("Policy").

20. Mr. Stillinger died of natural causes on November 29, 2022, at Trident Medical Center, North Charleston, South Carolina.

21. The Policy was in full force and effect as of his date of death, with Mr. Stillinger having timely paid all the Policy premiums.

22. Ms. Stillinger was the sole named beneficiary under the Policy at issue, as well as the sole named beneficiary as of Mr. Stillinger's date of death.

23. Ms. Stillinger submitted her claim to Lumico for the Policy's $400,000 life insurance coverage.

24. Lumico delayed processing Ms. Stillinger's claim and instead conducted a contestability review in an effort to uncover a reason that would permit it to rescind the Policy—thereby avoiding any liability for the claim.

25. In 2022, Lumico collected $3.57 million in new life insurance premiums in South Carolina. Ms. Stillinger's claim for the Policy $400,000 life insurance coverage, had Lumico timely paid the claim, would have accounted for a significant percentage—11%—of its written premiums that year.

26. Lumico represented to Ms. Stillinger that, because Mr. Stillinger had died within two years of the Policy issue date, it was permitted to investigate the answers of his oral application that was completed by Ms. Cortez. This representation was false.

27. South Carolina does not permit an insurer to deny coverage based on an oral application—regardless of whether the information is contained in or omitted from the oral application.

28. As part of its contestability review, Lumico obtained another Milliman Report on March 2, 2023. This Milliman Report contained all of the same prior detailed information concerning Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications.

29. The only additional information in this Milliman Report was Mr. Stillinger's medical history and prescription history from January 6, 2022 through July 8, 2022. But,

Lumico was fully aware of this information and the Milliman Report shows that Lumico had obtained an updated report on July 14, 2022—over four-and-a-half months prior to Mr. Stillinger's untimely death.

30. Upon receiving the Milliman Report as part of its post-issue underwriting process, and once again despite being aware of Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, Lumico did not conduct any further investigation. Lumico took no action, aside from collecting the Policy premiums.

31. Five-and-a-half months after Mr. Stillinger's untimely death, on June 16, 2023, Lumico finally issued its written decision on Ms. Stillinger's claim for the Policy's $400,000 life insurance coverage.

32. In an unsigned letter, Lumico stated:

> We regret to inform you that, based upon our review of the information currently in our possession, we are rescinding the Policy, denying your claim for benefits, and refunding all premium paid with interest ….

33. Lumico informed Ms. Stillinger that its rescission was based on Mr. Stillinger's alleged oral answers to Ms. Cortez concerning his prior cancer and diabetes. Lumico contended, falsely, that it was not aware of Mr. Stillinger's prior cancer and diabetes treatment. Lumico further insisted that Mr. Stillinger's diabetes was "uncontrolled"—despite the term not being defined in the Policy and despite being false.

34. Lumico proceeded to offer a mutual rescission agreement, again based on the oral application, sending a letter to Ms. Stillinger stating:

> Lumico would not have issued the Policy if the Application had contained true and complete information in response to the questions above. This information was material to Lumico's evaluation of the proposed risk. Consequently, Lumico is rescinding the Policy. Enclosed is a check for the full amount of premium paid on the

- 5 -

>Policy, plus interest accrued. Your negotiation of the
>check will confirm your agreement to the rescission of the
>Policy.

35. Lumico only sent the mutual rescission agreement letter by regular mail, not by certified mail. Further, the letter was only sent to Ms. Stillinger and not to Mr. Stillinger's estate.

36. Ms. Stillinger declined Lumico's mutual rescission agreement and did not accept the refund of the Policy premiums—not cashing Lumico's check.

37. On September 13, 2023, Lumico again wrote to Ms. Stillinger concerning the uncashed check. The letter made no reference to the mutual rescission agreement. Instead, Lumico misrepresented that the uncashed check was for "unclaimed property" that would be sent to the "unclaimed property division" if Ms. Stillinger did not respond.

38. Subsequent to Ms. Stillinger declining to accept its mutual rescission agreement, Lumico has taken no further action, including but not limited to commencing any legal proceedings in a court of competent jurisdiction.

39. The time period for Lumico to commence a legal proceeding to prove by clear and convincing evidence that it is entitled to rescind the Policy expired on January 28, 2024—the end of the contestability period.

40. Ms. Stillinger's Complaint and claims therein are timely and not otherwise time barred.

## STATE LAW CLAIMS

A.  **First Cause of Action—Breach of Contract**

41. The Policy constitutes a written contract between Mr. Stillinger and Lumico, in which in consideration of Lumico's promise to pay the $400,00 life insurance coverage to Ms. Stillinger—his intended beneficiary—Mr. Stillinger paid the required premiums.

42. While Mr. Stillinger paid all required premiums, fulfilling his contractual

obligations, Lumico breached its contractual obligations by refusing to pay the $400,000 life insurance coverage to Ms. Stillinger after receiving her proper and complete claim.

43. Lumico's actions, in breaching the Policy, were neither reasonable nor in good faith.

44. As the named and intended beneficiary under the Policy, Ms. Stillinger is entitled to enforce Lumico's contractual promises and obligations to provide the $400,000 in life insurance coverage payable upon Mr. Stillinger's death.

45. As a direct and proximate result of Lumico's breach of contract, Ms. Stillinger suffered actual damages including, but not limited to, $400,000 in unpaid life insurance benefits, unnecessary litigation expenses, and other damages.

46. Ms. Stillinger is entitled to a judgment against Lumico for: (i) all of her actual, consequential, and incidental damages resulting from the breach of contract; (ii) her attorneys' fees and costs;[1] (iii) interest;[2] and (iv) all other legal and equitable relief necessary to make her whole.

47. Ms. Stillinger is also entitled to an award of prejudgment interest against Lumico.

**B.    Second Cause of Action—Insurance Bad Faith**

48. Pursuant to the Policy, Lumico owed Ms. Stillinger a duty of good faith and fair dealing.

49. As set forth above, Lumico breached its duty of good faith and fair dealing, and was negligent, grossly negligent, reckless, willful, and wanton in numerous regards, including but not limited to:

    a.    Allowing a non-appointed producer to solicit, sell, and take an application

---

[1] S.C. Code Section 38-63-90.
[2] S.C. Code Section 34-31-20; Section 38-63-80.

for the Policy in direct violation of South Carolina insurance law.[3]

b.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it was fully aware of, and on notice of, Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications.

c.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on alleged omissions or misstatements contained in Mr. Stillinger's oral application—in violation of South Carolina insurance law.[4]

d.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where Ms. Stillinger declined to accept its mutual rescission agreement and Lumico in turn failed to timely commence legal proceedings to prove its allegations.[5]

e.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it failed to produce any evidence the alleged misstatements or omission attributed to Mr. Stillinger were made with the intent to deceive.[6]

f.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it failed to comply with its statutory obligation to deliver its mutual rescission agreement by certified mail.

g.    Failing to conduct a reasonable investigation of the facts known to it,

---

[3]  S.C. Code Section 38-43-50(B)-(D); Section 38-43-240.
[4]  S.C. Code Section 38-63-210.
[5]  S.C. Code Section 38-63-220(d); Section 38-63-230.
[6]  *Carroll v. Jackson Nat'' Life Ins. Co.*, 414 S.E.2d 777, 777-778 (S.C. 1992).

concerning Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, prior to issuing the Policy.

h. Failing to take any action to challenge, or to conduct a reasonable investigation of, the Policy while it was in force and prior to Mr. Stillinger's death, despite being aware of Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications.

i. Failing to conduct a reasonable investigation of the facts known to it, concerning Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, prior to denying Ms. Stillinger's claim and it sending the mutual rescission agreement.

j. Placing its own financial interests above those of Mr. Stillinger and Ms. Stillinger.

k. Failing to exercise the degree of care, caution, and good faith that a reasonably prudent insurance carrier would exercise under the same or similar circumstances.

l. Violating South Carolina Code Sections 38-59-20(1)–(5) and (7)-(8).

m. Such other improper actions that may be revealed in discovery and shown at trial.

50. As a direct and proximate result of Lumico's acts and omissions, Ms. Stillinger suffered actual damages including, but not limited to, $400,000 of unpaid life insurance benefits, unnecessary litigation expenses, mental anguish, and other damages.

51. Ms. Stillinger is entitled to a judgment against Lumico for: (i) all of her actual, consequential, and incidental damages resulting from the breach of contract; (ii) her attorneys'

fees and costs;[7] (iii) interest;[8] and (iv) all other legal and equitable relief necessary to make her whole.

52. Given its ability to pay and because of its ability to pay, Ms. Stillinger is also entitled to an award of punitive damages against Lumico in an amount sufficient to deter it from similar conduct and to remedy its wrongful conduct in this case.

53. Ms. Stillinger is also entitled to an award of prejudgment interest against Lumico.

**C.  Third Cause of Action—Negligence/Recklessness**

54. Lumico owed Ms. Stillinger a duty to properly handle her claim for the $400,000 in life insurance coverage, based on the special relationship and confidence entrusted to Lumico by Ms. Stillinger as well as the covenant and duty of good faith and fair dealing implied as a matter of law in contracts of insurance.

    a. Allowing a non-appointed producer to solicit, sell, and take an application for the Policy in direct violation of South Carolina insurance law.[9]

    b. Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it was fully aware of, and on notice of, Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications.

    c. Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on alleged omissions or misstatements contained in Mr. Stillinger's oral application—in violation of South Carolina insurance law.[10]

    d. Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage

---

[7] S.C. Code Section 38-63-90.
[8] S.C. Code Section 34-31-20; Section 38-63-80.
[9] S.C. Code Section 38-43-50(B)-(D); Section 38-43-240.
[10] S.C. Code Section 38-63-210.

based on its decision to rescind the Policy where Ms. Stillinger declined to accept its mutual rescission agreement and Lumico in turn failed to timely commence legal proceedings to prove its allegations.[11]

e.     Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it failed to produce any evidence the alleged misstatements or omission attributed to Mr. Stillinger were made with the intent to deceive.[12]

f.     Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it failed to comply with its statutory obligation to deliver its mutual rescission agreement by certified mail.

g.     Failing to conduct a reasonable investigation of the facts known to it, concerning Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, prior to issuing the Policy.

h.     Failing to take any action to challenge, or to conduct a reasonable investigation of, the Policy while it was in force and prior to Mr. Stillinger's death, despite being aware of Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications.

i.     Failing to conduct a reasonable investigation of the facts known to it, concerning Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, prior to denying Ms. Stillinger's claim and it sending the mutual rescission agreement.

---

[11]    S.C. Code Section 38-63-220(d); Section 38-63-230.
[12]    *Carroll v. Jackson Nat'l Life Ins. Co.*, 414 S.E.2d 777, 777-778 (S.C. 1992).

j.  Placing its own financial interests above those of Mr. Stillinger and Ms. Stillinger.

k.  Failing to exercise the degree of care, caution, and good faith that a reasonably prudent insurance carrier would exercise under the same or similar circumstances.

l.  Violating South Carolina Code Sections 38-59-20(1)–(5) and (7)-(8).

m.  Such other improper actions that may be revealed in discovery and shown at trial.

55. As a direct and proximate result of Lumico's acts and omissions, Ms. Stillinger suffered actual damages including, but not limited to, $400,000 of unpaid life insurance benefits, unnecessary litigation expenses, mental anguish, and other damages.

56. Ms. Stillinger is entitled to a judgment against Lumico for: (i) all of her actual, consequential, and incidental damages resulting from the breach of contract; (ii) her attorneys' fees and costs; (iii) interest; and (iv) all other legal and equitable relief necessary to make her whole.

57. Given its ability to pay and because of its ability to pay, Ms. Stillinger is also entitled to an award of punitive damages against Lumico in an amount sufficient to deter it from similar conduct and to remedy its wrongful conduct in this case.

58. Ms. Stillinger is also entitled to an award of prejudgment interest against Lumico.

**D.  Fourth Cause of Action—Unfair Claims Practices**

59. The acts and omissions Lumico knowingly committed, as set forth above, constitute multiple violations of South Carolina Code Sections 38-59-20(1)–(5) and (7)-(8), including but limited to:

a.  Allowing a non-appointed producer to solicit, sell, and take an application

for the Policy in direct violation of South Carolina insurance law.[13]

b.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it was fully aware of, and on notice of, Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications.

c.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on alleged omissions or misstatements contained in Mr. Stillinger's oral application—in violation of South Carolina insurance law.[14]

d.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where Ms. Stillinger declined to accept its mutual rescission agreement and Lumico in turn failed to timely commence legal proceedings to prove its allegations.[15]

e.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it failed to produce any evidence the alleged misstatements or omission attributed to Mr. Stillinger were made with the intent to deceive.[16]

f.    Denying Ms. Stillinger's claim for the $400,000 in life insurance coverage based on its decision to rescind the Policy where it failed to comply with its statutory obligation to deliver its mutual rescission agreement by certified mail.

g.    Failing to conduct a reasonable investigation of the facts known to it,

---

[13]  S.C. Code Section 38-43-50(B)-(D); Section 38-43-240.
[14]  S.C. Code Section 38-63-210.
[15]  S.C. Code Section 38-63-220(d); Section 38-63-230.
[16]  *Carroll v. Jackson Nat'' Life Ins. Co.*, 414 S.E.2d 777, 777-778 (S.C. 1992).

concerning Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, prior to issuing the Policy.

h.     Failing to take any action to challenge, or to conduct a reasonable investigation of, the Policy while it was in force and prior to Mr. Stillinger's death, despite being aware of Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications.

i.     Failing to conduct a reasonable investigation of the facts known to it, concerning Mr. Stillinger's lengthy medical history, prescription history, and prior life insurance applications, prior to denying Ms. Stillinger's claim and it sending the mutual rescission agreement.

j.     Placing its own financial interests above those of Mr. Stillinger and Ms. Stillinger.

k.     Failing to exercise the degree of care, caution, and good faith that a reasonably prudent insurance carrier would exercise under the same or similar circumstances.

l.     Such other improper actions that may be revealed in discovery and shown at trial.

60.     As a direct and proximate result of Lumico's unfair claims practices, Ms. Stillinger suffered actual damages including, but not limited to, $400,000 of unpaid life insurance benefits, unnecessary litigation expenses, mental anguish, and other damages.

61.     Ms. Stillinger is entitled to a judgment against Lumico for: (i) all of her actual, consequential, and incidental damages resulting from the breach of contract; (ii) her attorneys'

fees and costs;[17] (iii) interest;[18] and (iv) all other legal and equitable relief necessary to make her whole.

53. Given its ability to pay and because of its ability to pay, Ms. Stillinger is also entitled to an award of punitive damages against Lumico in an amount sufficient to deter it from similar conduct and to remedy its wrongful conduct in this case.

62. Ms. Stillinger is also entitled to an award of prejudgment interest against Lumico.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Stillinger respectfully requests the Court grant her the following relief:

63. Judgment against Lumico, and in her favor, as to each of her claims for all actual, consequential, and incidental damages caused by Lumico's conduct.

64. Punitive damages against Lumico.

65. Her attorneys' fees and costs.

66. Pre-judgment interest.

67. Such other legal and equitable relief the Court deems just and proper.

68. Leave to amend the pleadings when and as necessary to afford full and complete relief, including deeming the pleadings to conform to the evidence.

69. A jury trial.

\* \* \* \* \* \* \* \*

---

[17] S.C. Code Section 38-63-90.
[18] S.C. Code Section 34-31-20; Section 38-63-80.

- 15 -

Respectfully submitted,

/s/ J. Rutledge Young, III

**Duffy and Young, LLC**

J. Rutledge Young, III
(Federal Bar No. 10399)
*ryoung@duffyandyoung.com*
96 Broad Street
Charleston, SC 29401
p: 843.720.2044
f: 843.720.2047

**Grabhorn Law | Insured Rights®**

Michael D. Grabhorn, CLU ChFC[19]
(Ky Bar No. 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn[20]
(Ky Bar No. 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223
p: 502.244.9331
f: 502.244.9334

***Attorneys for Plaintiff***

April 12, 2024
Charleston, South Carolina

---

[19] *Pro hac vice* motion forthcoming.
[20] *Id.*