IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BILLIE BETH STILLINGER, ) <br> ) <br> Plaintiff/Counter Defendant, ) <br> ) <br> vs. ) <br> ) <br> LUMICO LIFE INSURANCE COMPANY, ) <br> ) <br> Defendant/Counterclaimant. ) <br> _____) | No. 2:24-cv-01853-DCN <br><br> **ORDER** |

This matter is before the court on plaintiff Billie Beth Stillinger's ("Mrs. Stillinger") motion to dismiss defendant Lumico Life Insurance Company's ("Lumico") counterclaims and for partial summary judgment, ECF No. 13. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND[1]

On or about January 6, 2022, Guyman Stillinger ("Mr. Stillinger") completed a telephonic application for a $400,000, 10-year simplified issue term life insurance policy. ECF No. 5, Countercl. ¶ 7. Mr. Stillinger was asked several recorded questions during the call, including:

> In the past 5 years, have you (a) received treatment by a member of the medical profession for, or (b) been diagnosed or been advised by a member of the medical profession to seek treatment for, or (c) consulted with a medical professional regarding: . . .
>
> b. Cirrhosis, Hepatitis C, stroke, brain tumor, leukemia, or any cancer (other than non-metastatic basic cell carcinoma or squamous cell carcinoma)? . . .

---

[1] The court presents the factual allegations in Lumico's counterclaim as true and in the light most favorable to Lumico. See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011); SIB Dev. & Consulting, Inc. v. Save Mart Supermarkets, 271 F. Supp. 3d 832, 833–35 (D.S.C. 2017).

> d. Uncontrolled diabetes or diabetes related complications such as hypoglycemia, retinopathy, neuropathy, cerebrovascular or peripheral vascular disease?

Id. ¶ 9 (alterations in original) (quoting ECF No. 5-3 at 22). Mr. Stillinger responded "no" to each of these questions. Id. ¶ 10. He also provided a verbal authorization acknowledging that the answers in his application were true and complete to the best of his knowledge and belief and that Lumico's liability would be limited if the answers he gave were not true. Id. ¶ 11.

On or about January 28, 2022, Lumico issued policy number L2643208 (the "Policy") based on the answers in Mr. Stillinger's application. Id. ¶¶ 12–13. The Policy names Mrs. Stillinger as the primary beneficiary on the Policy. Id. ¶ 14. The Policy also includes an "INCONTESTABILITY" section, which states as follows:

> Except for non-payment of Premium and fraud in the procurement of the Policy where permitted by applicable law in the state where the Policy is delivered or issued for deliver, [Lumico] cannot contest the coverage after the Policy has been in force during the lifetime of the Insured for two years from its Issue Date [i.e., January 28, 2022]. Coverage will only be contested based on a statement contained in the Application for coverage attached to this Policy and only if the statement is material to the risk accepted or the hazard assumed by [Lumico].

Id. ¶ 16 (first and second alterations in original) (quoting ECF No. 5-3 at 13).

Sadly, Mr. Stillinger died on November 29, 2022. Id. ¶ 17. Mrs. Stillinger then submitted a claim for benefits on the Policy. Id. ¶ 18. During a routine contestable investigation, Lumico discovered that, contrary to his answers in his application, Mr. Stillinger had been diagnosed and received treatment for diffuse large b-cell lymphoma and uncontrolled diabetes during the 5-year period preceding his application. Id. ¶¶ 19–21. If Lumico had been aware of these medical conditions, it would not have issued the Policy. Id. ¶ 22.

Lumico sent Mrs. Stillinger a letter on June 16, 2023, to inform her that, based on the discovery of Mr. Stillinger's medical records, it was denying her claim and rescinding the Policy. See id. ¶ 24; ECF No. 5-1; ECF No. 1, Compl. ¶ 32; ECF No. 5, Answer ¶ 32. In this letter, Lumico offered to mutually rescind the Policy and return all premiums that had been paid on the Policy with interest. ECF No. 5-1 at 1. However, Mrs. Stillinger refused Lumico's mutual recission agreement and did not cash Lumico's check for the returned premium payments. Countercl. ¶ 24; Compl. ¶ 36; Answer ¶ 36.

Mrs. Stillinger initiated this lawsuit against Lumico on April 12, 2024, based on Lumico's failure to pay her claim. ECF No. 1, Compl. She alleges causes of action for (1) breach of contract, (2) insurance bad faith, (3) negligence/recklessness, and (4) unfair claims practices. Id. ¶¶ 41–62. On May 30, 2024, Lumico answered Mrs. Stillinger's complaint and asserted a counterclaim for rescission of the Policy. See ECF No. 5, Countercl. ¶ 26. On June 17, 2024, Mrs. Stillinger moved to dismiss Lumico's counterclaim and for partial summary judgment. ECF No. 13. Lumico responded in opposition to Mrs. Stillinger's motion on July 15, 2024, ECF No. 18, to which Mrs. Stillinger replied on July 19, 2024, ECF No. 19. On November 19, 2024, the court held a hearing during which it heard arguments from the parties on the pending motion. ECF No. 31. As such, the motion is now fully briefed and ripe for the court's review.

## II.  STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v.

Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This same plausibility standard applies to allegations asserted in a party's counterclaim, just as they would to allegations asserted in a party's complaint. See, e.g., E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011); SIB Dev. & Consulting, Inc. v. Save Mart Supermarkets, 271 F. Supp. 3d 832, 833–35 (D.S.C. 2017).

### B. Motion for Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In so doing, the court must view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.   DISCUSSION

Mrs. Stillinger's motion can be divided into two separate issues. First, she argues that the court should dismiss Lumico's counterclaim because it is untimely. ECF No. 13-1 at 7–14. Second, she argues that the court should either dismiss Lumico's counterclaim or grant her summary judgment on Lumico's counterclaim because Lumico failed to allege, in either its counterclaim or in a letter to Mrs. Stillinger, that Mr. Stillinger had an intent to deceive or defraud when he provided his application answers. Id. at 14–15. The court will start with the timeliness issue.

**A. Timeliness**

Mrs. Stillinger argues that South Carolina law dictates that an insurer may only rescind a life insurance policy within a two-year contestability period, which begins once

a policy is in force. ECF No. 13-1 at 7–14. Thus, Mrs. Stillinger's position is that, because the Policy went into effect on January 28, 2022, Lumico's counterclaim for recission is untimely because Lumico did not initiate proceedings prior to January 28, 2024. Id. at 10. In contrast, Lumico argues that the two-year contestability period only runs while the insured is still alive. ECF No. ECF No. 18 at 8–11. According to Lumico, because Mr. Stillinger died on November 29, 2022—less than two years after the Policy's effective date—the contestability period never expired and therefore does not limit Lumico's ability to now pursue its claim for recission. See id.

The South Carolina Code describes the two-year contestability period for a life insurance policy in Section 38-63-220(d). According to this section, all individual life insurance policies must include:

> a provision that the policy . . . [is] incontestable as to the truth of the application for insurance and to the representations of the insured individual <u>after [it] ha[s] been in force during the lifetime of the insured for a period of two years from [its] date of issue</u>. . . . If an insurer initiates a mutual rescission or institutes proceedings to vacate a policy on the ground of the falsity of the representations contained in the application for the policy, the proceedings or mutual rescission must commence within the time permitted in this subsection.

S.C. Code Ann. § 38-63-220(d) (emphasis added).

In <u>Tillman v. Independent Order of Foresters</u>, a court in this district recently examined this section to determine whether the two-year contestability period continues to run if the insured dies within two years of the policy's effective date. 2024 WL 1937812 (D.S.C. May 2, 2024). The court explained that a prior version of the statute stated that an insurer waives its right to contest the truthfulness of an insured's application of insurance "after a period of two years from the date of such policy or certificate of insurance." Id. at *3 (quoting S.C. Code § 37-161 (1962)). However, in

6

1976, the South Carolina General Assembly amended the statute and "added the language requiring a policy be in force for two years 'during the lifetime of the insured' before becoming incontestable." Id. (quoting S.C. Code Ann. § 38-63-220(d)). The court ultimately determined that a policy becomes incontestable only if the policy is in force for two years prior to the insured's death. Id. at *4. Otherwise, the court reasoned, the language added by the General Assembly in 1976 about the two-year contestability period running "during the lifetime of the insured" would be rendered superfluous.[2] Tillman, 2024 WL 1937812, at *3 (quoting S.C. Code Ann. § 38-63-220(d)).

      The court's decision in Tillman would seem to put the timeliness issue in this case to rest, and Lumico, thus, argues that this court should simply follow the reasoning and decision from Tillman. ECF No. 18 at 10–11. Mrs. Stillinger, however, urges against that result. She contends that the court got it wrong in Tillman for various reasons. ECF No. 13-1 at 13. Primarily, she argues that the court in Tillman was incorrect because it did not consider a recently enacted statute regarding mutual recission of a life insurance policy[3] or relevant guidance from the South Carolina Department of Insurance ("SCDOI"). ECF No. 13-1 at 7–10, 13–14. She also raises various other arguments that were considered, and directly rejected, by the court in Tillman. The court will start by examining her arguments related to the recently enacted statutory changes and SCDOI guidance.

---

[2] In other words, the court determined that "the South Carolina Code means what it says." Tillman, 2024 WL 1937812, at *4.
[3] Though the statute in question is recent, it was enacted about two years before the court decided Tillman. See Tillman, 2024 WL 1937812; S.C. Code Ann. § 38-63-230.

### 1. Section 38-63-230 and SCDOI Bulletin No. 2019-02

In May 2022, the South Carolina General Assembly enacted a new statute to provide for the mutual recission of a life insurance policy. See Act effective May 16, 2022, 2022 S.C. Act No. 191 (codified as amended at S.C. Code Ann. §§ 38-63-220(d), 38-63-230) (the "Act"). The Act became effective when it was signed by Governor McMaster on May 16, 2022. Id. The Act's relevant portion, which was codified as Section 38-63-230 of the South Carolina Code,[4] reads:

> An insurer may rescind a life insurance policy within the two-year contestability period in Section 38-63-220(d) by:
>
> (1) a mutual recission agreement executed by all the parties based on false statements included in the application; or
>
> (2) proving a fraudulent or material misrepresentation by clear and convincing evidence in a court of competent jurisdiction.

S.C. Code Ann. § 38-63-230(A). The statute goes on to describe the specific process for mutual recission of a policy and provides language that must be included in a letter sent to an insured when an insurer proposes mutual recission. Id. § 38-63-230(B)–(C).

Mrs. Stillinger notes that Section 38-63-230(A) refers to "the two-year contestability period." ECF No. 13-1 at 10. She argues that Section 38-63-230 is a more specific statute than Section 38-63-220 and, therefore, Section 38-63-230's description of the contestability period should be followed instead of the language in Section 38-63-220. ECF No. 13-1 at 10. Consequently, she argues that Section 38-62-230(A) provides

---

[4] The Act also slightly modified the language of Section 38-63-220(d), but this was only so that Section 38-63-220(d) includes references to "mutual rescission." The Act did not alter the portion of Section 38-63-220(d) defining the contestability period—i.e., the Act did not alter the portion of Section 38-63-220(d) that the court interpreted in Tillman, and the changes to Section 38-63-220(d) do not impact analysis of the issues presently before the court.

8

a two-year contestability period that is not impacted by death of the insured.  Id. at 13.  In contrast, Lumico argues that Section 38-63-230 does not alter the contestability period described in Section 38-63-220(d).  ECF No. 18 at 11–12.

The court agrees with Lumico that Section 38-63-230 does not alter the contestability period described in Section 38-63-220(d).  Indeed, when the statute's operative clause is quoted in full (and not just selectively quoted, as in Mrs. Stillinger's brief) it is clear that Section 38-63-230 defers to Section 38-63-220(d) for identification of the contestability period: "An insurer may rescind a life insurance policy within the two-year contestability period in Section 38-63-220(d) . . . ."  S.C. Code Ann. § 38-63-230(A).  Therefore, Section 38-63-230 references, but does not alter, the contestability period in Section 38-63-220(d), and the court therefore consulted the correct statute in Tillman, 2024 WL 1937812, at *2–4.

Next, Mrs. Stillinger argues that the court in Tillman should have considered SCDOI's Bulletin No. 2019-02.  ECF No. 13-1 at 13.  SCDOI issued this Bulletin "to remind insurers who issue life insurance policies in the State of South Carolina that they are required to include and comply with the Required Provisions set forth in S.C. Code Ann. § 38-63-220."  ECF No. 13-2 at 1.  Among other points, the Bulletin explains that

> the South Carolina General Assembly mandated that if an insurer wanted to challenge the truthfulness of the application for insurance, it must do so during the first two years of the policy.  After the policy has been in effect for two years, the application cannot be challenged on this basis.  Section 38-63-220(d) has been interpreted as the authority to rescind a policy based upon false statements in an application discovered during the contestability period of the policy (i.e., the first two years of the policy).

ECF No. 13-2 at 2 (citing Carroll v. Jackson Nat'l Life Ins. Co., 414 S.E.2d 777 (S.C. 1992)).  The Bulletin later states that "[i]nsurers are encouraged to confer with counsel

9

about the type of proceeding necessary to vacate a life insurance policy in accordance with S.C. Code Ann. §38-63-220(d)." ECF No. 13-2 at 2.

Mrs. Stillinger argues that the Bulletin shows SCDOI's position that the contestability period is two years from the Policy's effective date and that SCDOI's interpretation is entitled to deference. ECF Nos. 13-1 at 13; 19 at 5–6. Lumico, on the other hand, argues that the Bulletin does not modify the contestability period in Section 38-63-220(d). ECF No. 18 at 11–12. The court agrees with Lumico. While the Bulletin does refer to a two-year contestability period, it simply does not address the impact of an insured's death on the contestability period, and it refers insurers back to Section 38-62-220(d) for more information on how a life insurance policy may be rescinded. ECF No. 13-2 at 2. The Bulletin, therefore, does not address or modify the issues presently before the court.

## 2. Arguments Directly Rejected in Tillman

In addition to the arguments set forth above, Mrs. Stillinger also raises three arguments that were raised and directly rejected by the court in Tillman. The court will briefly analyze each of these arguments but ultimately agrees with the reasoning in Tillman.

First, Mrs. Stillinger argues that two of the cases cited by Lumico in its counterclaim—Wright v. Minnesota Mutual Life Insurance Co., 246 S.E.2d 866 (S.C. 1978) and Taylor v. American Heritage Life Insurance Co., 448 F.2d 1375 (4th Cir. 1971)—are inapplicable because they both concerned group life insurance policies, not individual life insurance policies. ECF No. 13-1 at 12. In Tillman, the insured made this same argument, but the court found both Wright and Taylor helpful because "the relevant

statutory language is practically the same[, and the court was] unable to parse any material differences that would impact its analysis." 2024 WL 1937812, at *3. This court agrees.[5] See Wright, 246 S.E.2d at 867; Taylor, 448 F.2d at 1378.

Second, Mrs. Stillinger argues, for the first time in reply, that the South Carolina Supreme Court ruled in Carroll, 414 S.E.2d 777, that the truthfulness of statements in an insured's life insurance application cannot be challenged once the policy has been in effect for two years. ECF No. 19 at 3. In Tillman, the court rejected this argument because the section of Carroll relied upon in making this argument is "out-of-context dicta." Tillman, 2024 WL 1937812, at *3. This court agrees.[6]

Third, Mrs. Stillinger argues, again for the first time in reply, that Lumico's reading of the contestability period in Section 38-63-220(d) would mean that, if "an insured [were to] die before the two-year limitation had expired, Lumico would not be subject to any deadline for seeking judicial rescission." ECF No. 19 at 6. The court in Tillman considered this possibility and determined that this may have been the General Assembly's preference, as "this protects the insurance company from being responsible

---

[5] Mrs. Stillinger also argues that Taylor was decided based on the laws of the District of Columbia. This is true. See Taylor, 448 F.2d at 1378. However, as the court explained in Tillman, the section of the District of Columbia's law is similar to South Carolina law on this issue. Tillman, 2024 WL 1937812, at *3; see also Taylor, 448 F.2d at 1378.

[6] The primary holding in Carroll was that "when the insured dies during the contestability period of a life insurance policy, the Insurance Company is not required to prove a causal connection between the death and material misrepresentations by the insured in the application of insurance." 414 S.E.2d at 778. The court did not decide whether the death of the insured impacts or limits the contestability period.

Moreover, Mrs. Stillinger also points out that SCDOI relied on Carroll in Bulletin No. 2019-02. ECF No. 19 at 4–5. However, as explained above, both the Bulletin and Carroll concerned other issues—neither directly addressed what happens when an insured dies within two years of his policy's effective date. See ECF No. 13-2 at 1–2; Carroll, 414 S.E.2d at 777–78.

to pay out a policy when the insured had lied and then quickly died before the insurance company had an opportunity to identify the deception." Tillman, 2024 WL 1937812, at *3. Once again, this court finds no fault in this reasoning.

Consequently, the court is persuaded by the reasoning in Tillman and rejects Mrs. Stillinger's argument regarding timeliness.

### B. Adequacy of Lumico's Pleadings and Letter

In the second part of her motion, Mrs. Stillinger argues that to prevail on its recission claim, Lumico must ultimately prove, among other things, that Mr. Stillinger made the false statements on his insurance application "with the intent to deceive or defraud" Lumico. ECF No. 13-1 at 14 (emphasis omitted) (quoting Carroll, 414 S.E.2d at 777). She also argues that, under South Carolina law, Lumico was required, as part of the process of rescinding the Policy, to provide Mrs. Stillinger with notice of the facts supporting recission. Id. at 14. She asserts that Lumico failed to contend that Mr. Stillinger made his false statements with an intent to deceive or defraud in a recission letter it sent her and that Lumico similarly failed to plead that Mr. Stillinger had intent to deceive or defraud in its counterclaim. Id. at 14–15. These omissions, according to Mrs. Stillinger, are fatal to Lumico's recission claim, and the court should either dismiss the claim pursuant to Rule 12(b)(6) or grant summary judgment accordingly.[7] Id. at 15.

---

[7] It is a little unclear where Mrs. Stillinger's motion to dismiss ends and her motion for summary judgment begins. The court's interpretation is that she is arguing for dismissal based on Lumico's failure to plead Mr. Stillinger intended to deceive or defraud and that her motion for summary judgment is based on Lumico's failure to notify Mrs. Stillinger that it was seeking to rescind the Policy based on Mr. Stillinger's intent to deceive or defraud. See ECF No. 13-1 at 15.

Lumico raises two arguments in response. First, it argues that it is not required to prove or plead that Mr. Stillinger made false statements with intent to defraud or deceive. ECF No. 18 at 13. As Lumico points out, Section 38-63-230(A)(2) states that an insurer may rescind a life insurance policy during the contestability period by proving "a fraudulent or material misrepresentation." S.C. Code Ann. § 38-63-230(A)(2) (emphasis added). Lumico argues that, by using the disjunctive "or," the General Assembly is not requiring that it prove that a misrepresentation is both fraudulent and material. ECF No. 18 at 13. Therefore, Lumico contends that its pleading is adequate because it includes allegations showing that the misrepresentation was material—i.e., if Mr. Stillinger had provided a truthful answer, such would have altered Lumico's decision on whether to issue the Policy. Id. at 13–14. Second, Lumico argues that, even if it were required to plead intent to deceive as an element of its claim, its pleading is adequate because "[u]nder South Carolina law, an intent to deceive may be inferred when there is no other reasonable or plausible explanation for the applicant's false representation." Id. at 14 (quoting Floyd v. Ohio Gen. Ins. Co., 701 F. Supp. 1177, 1190 (D.S.C. 1988)).

In reply, Mrs. Stillinger maintains both that (1) Lumico was required to plead intent to defraud as an element of its claim and (2) it failed do so, rendering its claim fatally deficient. ECF No. 19 at 6–11. First, she argues that the General Assembly, in enacting Section 36-63-230, did not intend to overturn decades of South Carolina precedent requiring that an insurer prove intent to deceive or defraud. ECF No. 19 at 8–9. Second, she argues that the common meaning of the word "misrepresentation" is a statement made with intent to deceive or defraud. Id. at 9. Third, she argues that, because Lumico issued the Policy prior to the enactment of Section 38-63-230, this

13

Section does not apply to the representations Mr. Stillinger made in his application. ECF No. 19 at 9. Fourth, she argues that because Lumico did not indicate in a letter it sent her that it believed Mr. Stillinger acted with an intent to deceive or defraud, Lumico failed to put Mrs. Stillinger on notice of the facts supporting its denial of her claim. Id. at 10. Thus, she contends that Lumico forfeited its right to now seek rescission of the Policy. Id.

In reviewing Mrs. Stillinger's arguments, the court identifies three separate issues. First, is Lumico required to prove that Mr. Stillinger acted with intent to deceive or defraud to prevail on its rescission claim? Second, if it is required to prove intent to deceive or defraud, did Lumico adequately plead such intent in its counterclaim? Third, if it is required to prove intent to deceive or defraud, did Lumico adequately put Mrs. Stillinger on notice of the fact that it sought to rescind the Policy based on Mr. Stillinger's intent to deceive or defraud? From what the court can tell, the first and second issues are related to her motion to dismiss, and the third issue is related to her motion for partial summary judgment. See ECF No. 13-1 at 15. The court will start by analyzing whether Lumico's allegations in its counterclaim are sufficient to state a claim and will turn to the adequacy of Lumico's letter after that.

1. **Adequacy of Lumico's Pleadings**

As for the first issue, it is a little unclear whether South Carolina law requires Lumico to plead intent to deceive or defraud as part of its rescission claim under Section 38-63-230(A)(2).[8] Nevertheless, the court need not answer this question. Instead, the

---

[8] To rescind a policy based on information the insured provided in an insurance application under South Carolina common law, the insurer must prove: "1) the falsity of the statements complained of; 2) that the falsity was known to the applicant; 3) were

14

court denies Mrs. Stillinger's motion because "intent to deceive may be inferred when there is no other reasonable or plausible explanation for the applicant's false representation." Floyd, 701 F. Supp. at 1190. In its counterclaim, Lumico pleads that Mr. Stillinger stated in his application that he had not received treatment for cancer or diabetes; that Lumico later discovered that that statement was untrue; and that, if Lumico had been aware of the falsity, it would not have issued the Policy. Countercl. ¶¶ 21–22. Ultimately, Mrs. Stillinger may have some reasonable explanation for why Mr. Stillinger provided false statements in his application other than an intent to defraud or deceive. If so, there may be reason for the court to not infer such intent, and that reason, perhaps, could become clear after discovery. See Darwin Nat'l Assur. Co. v. Matthews & Megna, LLC, 36 F. Supp. 3d 636, 650–51 (D.S.C. 2014) (declining to infer an intent to deceive when the insured produced an affidavit and other evidence offering a reasonable

---

material to the risk; and [sic] 4) made with intent to defraud the insurer; and 5) relied upon by the insurer in issuing the policy." Darwin Nat'l Assur. Co. v. Matthews & Megna, LLC, 36 F. Supp. 3d 636, 642–43 (D.S.C. 2014) (emphasis added). Consequently, courts have interpreted that an insured's intent to deceive or defraud must be proven even if the insurer seeks to rescind a policy based on a "material misrepresentation." See id. at 642–43 (noting that the same legal standard applies to both false warranties and material misstatements and that a false statement is not alone sufficient to void a policy); Floyd, 701 F. Supp. at 1188–91 (applying the same five-part test when determining whether an insurer may avoid coverage based on the insured's alleged material misrepresentation).

It is possible that, by requiring an insurer to prove "a fraudulent or material misrepresentation," Section 36-63-230 is altering the common law and providing an avenue for rescinding policies that does not require proving intent to deceive or defraud. See S.C. Code Ann. § 36-63-230(A)(2) (emphasis added). Indeed, during the hearing, Lumico clarified that its position is that the General Assembly did just that when it enacted Section 36-63-230. ECF No. 31. Similarly, Mrs. Stillinger conceded that the General Assembly has the authority to alter the common law but argues that it did not do so in this case. Id. No court has ever interpreted Section 36-63-230, and that trend will continue today; thus, the court reserves this unsettled question of South Carolina law for another day.

explanation for its failures to disclose information in its insurance application). Based on the information in Lumico's pleadings, and making all reasonable inferences in Lumico's favor, the court finds that Lumico's pleadings are adequate to state a claim for rescission and denies Mrs. Stillinger's motion to dismiss accordingly.

### 2. Lumico's Letter to Mrs. Stillinger

The court also denies Mrs. Stillinger's motion for partial summary judgment. Mrs. Stillinger argues that the court should grant summary judgment because Lumico did not put her on notice of the grounds for which it seeks to avoid coverage before bringing its claim. ECF Nos. 13-1 at 15; 19 at 10. This argument is based on a letter that Lumico's counsel sent on January 31, 2024, to Steve Burgess ("Burgess"), of the Center for Life Insurance Disputes, regarding Mrs. Stillinger's claim. See ECF Nos. 13-1 at 15; 13-3; 19 at 10; 31.[9] Apparently, Burgess had been discussing Mrs. Stillinger's claim on her behalf with Lumico's counsel, and in this letter, Lumico's counsel explained Lumico's position. See ECF No. 13-3.

The court denies Mrs. Stillinger's motion for partial summary judgment for two reasons. First, the motion is premature because the parties have not conducted any discovery. See Investors Title Ins. Co. v. Bair, 232 F.R.D. 254, 256 (D.S.C. 2005). Second, the letter describes (1) Mr. Stillinger's answers to the application questions, (2) why Lumico believes those answers were false, and (3) that Lumico believed it was entitled to rescind the Policy based on these inaccuracies. ECF No. 13-3 at 1–3. The

---

[9] During the hearing, the court asked whether this argument related to the January 31, 2024 letter Lumico's counsel sent to Burgess or the letter that Lumico sent Mrs. Stillinger on June 16, 2023 regarding mutual rescission. ECF No. 31. Mrs. Stillinger confirmed that this argument pertains to the January 31, 2024 letter. Id.

letter is sufficient to put Mrs. Stillinger on notice of the grounds for which Lumico seeks to avoid coverage because the letter sufficiently explains the factual basis for Lumico's rescission claim. Consequently, the court denies Mrs. Stillinger's motion for partial summary judgment in full.[10]

### IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Mrs. Stillinger's motion to dismiss Lumico's counterclaims and for partial summary judgment.

---

[10] Mrs. Stillinger also argues, in the first section of her motion, that Lumico unilaterally rescinded the Policy in its January 31, 2024 letter and that, because unilateral rescission violates South Carolina law, Lumico forfeited its right to now bring its rescission claim. ECF No. 13-1 at 11. The court reads this argument as being related to her argument for summary judgment based on the January 31, 2024 letter's alleged inadequacies. To the extent, if at all, that this is a separate argument for summary judgment, the court rejects this argument for two reasons. First, Mrs. Stillinger provides no legal citation to support her implied premise that a previous attempt to unilaterally rescind a life insurance policy bars any subsequent rescission action. See id. at 11. Second, Lumico did not rescind the Policy in the January 31, 2024 letter—hence Lumico's claim for rescission in this case. Rather, in that letter, Lumico's counsel merely explained the factual basis for Lumico's belief that Mr. Stillinger provided misrepresentations on his life insurance policy and, thus, why Lumico believes it "is entitled to rescind the policy." ECF No. 13-3 at 3 (emphasis added).

Additionally, Mrs. Stillinger also argues, in her reply, that the January 31, 2024 letter bars Lumico from amending its defective pleadings. ECF No. 19 at 10. In essence, she contends that, because the letter is insufficient and requires dismissal, any attempt by Lumico to amend its defective pleadings would be futile. Id. The court rejects this argument because, for the reasons explained above, the court finds (1) that Lumico's pleadings are adequate and (2) the January 31, 2024 letter does not bar Lumico's action for rescission. Nevertheless, if Lumico prefers to shore up its pleadings with an amendment, it is free to do so.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 3, 2024**
**Charleston, South Carolina**