# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BILLIE BETH STILLINGER, ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | No. 2:24-cv-01853-DCN |
| vs. ) | |
| ) | **ORDER** |
| LUMICO LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant/Counterclaim-Plaintiff. ) | |
| _____ ) | |

This matter is before the court on two of defendant Lumico Life Insurance Company's ("Lumico") motions. The first is Lumico's motion for a protective order regarding certain topics in plaintiff Billie Beth Stillinger's ("Ms. Stillinger") notice of Fed. R. Civ. P. 30(b)(6) deposition, ECF No. 40. The second is Lumico's motion to compel Ms. Stillinger's responses to its interrogatory requests, ECF No. 41. For the reasons set forth below, the court grants in part and denies in part Lumico's motion for a protective order and grants in part and denies in part Lumico's motion to compel.

## I. BACKGROUND

On or about January 6, 2022, Guyman Stillinger ("Mr. Stillinger") completed a telephonic application for a $400,000 ten-year simplified issue term life insurance policy. ECF No. 5, Countercl. ¶ 7. Mr. Stillinger was asked questions during the recorded call, including:

> In the past [five] years, have you (a) received treatment by a member of the medical profession for, or (b) been diagnosed or been advised by a member of the medical profession to seek treatment for, or (c) consulted with a medical professional regarding: . . .

1

>   b. Cirrhosis, Hepatitis C, stroke, brain tumor, leukemia, or any cancer (other than non-metastatic basic cell carcinoma or squamous cell carcinoma)? . . .
>
>   d. Uncontrolled diabetes or diabetes related complications such as hypoglycemia, retinopathy, neuropathy, cerebrovascular or peripheral vascular disease?

Id. ¶¶ 8–9 (alterations in original) (quoting ECF No. 5-3 at 22). Mr. Stillinger responded "no" to each of these questions, and provided a verbal authorization acknowledging that the answers in his application were true and complete to the best of his knowledge and belief and that Lumico's liability would be limited if the answers he gave were not true. Id. ¶¶ 10–11.

On or about January 28, 2022, Lumico issued policy number L2643208 (the "Policy") based on the answers in Mr. Stillinger's application, which named Ms. Stillinger as the primary beneficiary on the Policy. Id. ¶¶ 12–14. The Policy also included an "INCONTESTABILITY" section, which stated as follows:

>   Except for non-payment of Premium and fraud in the procurement of the Policy where permitted by applicable law in the state where the Policy is delivered or issued for delivery, [Lumico] cannot contest the coverage after the Policy has been in force during the lifetime of the Insured for two years from its Issue Date [i.e., January 28, 2022]. Coverage will only be contested based on a statement contained in the Application for coverage attached to this Policy and only if the statement is material to the risk accepted or the hazard assumed by Us.

Id. ¶ 16 (alterations in original) (quoting ECF No. 5-3 at 13).

Sadly, Mr. Stillinger died on November 29, 2022. Id. ¶ 17. Ms. Stillinger then submitted a claim for benefits on the Policy. Id. ¶ 18. During a routine investigation, Lumico discovered that, contrary to his answers in his application, Mr. Stillinger had been diagnosed and received treatment for diffuse large b-cell lymphoma and uncontrolled diabetes during the five-year period preceding his application. Id. ¶¶ 19–21.

Lumico claims that, if it had been aware of these medical conditions, it would not have issued the Policy. Id. ¶ 22.

Lumico sent Ms. Stillinger a letter on June 16, 2023, to inform her that, based on the discovery of Mr. Stillinger's medical records, it was denying her claim and rescinding the Policy. ECF No. 5-1 at 1. In this letter, Lumico offered to mutually rescind the Policy and return all premiums that the Stillingers had paid on the Policy with interest. Id. Ms. Stillinger refused Lumico's mutual rescission agreement and did not cash Lumico's check for the returned premium payments. Id.

Ms. Stillinger initiated this lawsuit against Lumico on April 12, 2024, based on Lumico's failure to pay her claim. ECF No. 1, Compl. She alleges causes of action for: (1) breach of contract; (2) insurance bad faith; (3) negligence/recklessness; and (4) unfair claims practices. Id. ¶¶ 41–62. On May 30, 2024, Lumico answered Ms. Stillinger's complaint and asserted a counterclaim against her for rescission of the Policy. ECF No. 5, Countercl. ¶ 26.

## II. STANDARD

### A. Motion for a Protective Order Standard

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). "The party moving for a protective order bears the burden of establishing good cause." Webb v. Green Tree Servicing LLC, 283 F.R.D. 276, 278 (D. Md. 2012). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its

production." UAI Tech., Inc. v. Valutech, Inc., 122 F.R.D. 188, 191 (M.D.N.C. 1988). In other words, "the Court must weigh the need for the information versus the harm in producing it." A Helping Hand, LLC v. Balt. Cnty., 295 F. Supp. 2d 585, 592 (D. Md. 2003) (internal quotation marks omitted). "The standard for issuance of a protective order is high." Nix v. Holbrook, 2015 WL 631155, at *2 (D.S.C. Feb. 13, 2015) (citing Minter v. Wells Fargo Bank, N.A., 258 F.R.D. 118, 125 (D. Md. 2009)). However, courts are afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Additionally, Rule 30(b)(6) of the Federal Rules of Civil Procedure addresses deposition discovery directed to an organization. It provides that a deposition notice "must describe with reasonable particularity the matters for examination," and the "named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). Then, the organization must prepare the designated person so that he can "testify as to matters known or reasonably available to the organization." Id.

### B. Motion to Compel Standard

Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order,

> [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Notably, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. "The scope and conduct of discovery are within the sound discretion of the district court." Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (stating that district courts are afforded "substantial discretion . . . in managing discovery").

A party who requested admissions "may move to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a). Moreover, if a party declines to comply with a discovery request, the requesting party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure, answer, or response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). District courts have "wide latitude in controlling discovery and [their] rulings will not be overturned absent a showing of clear abuse of discretion." Ardrey v. United Parcel Serv., 798 F.2d 679, 683 (4th Cir. 1986); In re MI Windows & Doors, Inc. Prod. Liab. Litig., 2013 WL 268206, at *1 (D.S.C. Jan. 24, 2013).

### III.  DISCUSSION

Lumico seeks a protective order preventing a Rule 30(b)(6) deposition on Topics 7, 8, and 9, as well as a narrowing of Topics 1, 2, 4, 5, 6, 11, and 12, in Ms. Stillinger's amended 30(b)(6) notice of deposition. ECF No. 40 at 1. Additionally, Lumico seeks to

compel responses to Interrogatories 6, 7, 8, 9, 11, 12, and 13 of Ms. Stillinger's First Set of Interrogatories pursuant to Rule 37 of the Federal Rules of Civil Procedure and in accordance with Local Civil Rule 7.04 (D.S.C.). ECF No. 41 at 1. The court first addresses Lumico's motion for a protective order and then addresses Lumico's motion to compel.

### A. Lumico's Motion for a Protective Order on Topics in Ms. Stillinger's Amended 30(b)(6) Notice of Deposition

At issue in Lumico's motion for a protective order are ten out of the twelve topics in Ms. Stillinger's 30(b)(6) deposition notice to Lumico. ECF No. 40. During a hearing before the court on May 19, 2025, the parties resolved issues relating to the motion for a protective order on Topics 1, 2, 4, 5, and 9, and as such the motions for those topics are denied as moot. ECF No. 51. In this order, the court will address the remaining objections to Topics 6, 7, 8, 11, and 12.

On January 3, 2025, Ms. Stillinger served a 30(b)(6) Notice of Deposition on Lumico, scheduled for February 18, 2025. ECF Nos. 40 at 2; 40-1. On January 27, 2025, Lumico responded and objected to the notice. ECF Nos. 40 at 2; 40-2. On February 14, 2025, Ms. Stillinger served an Amended Notice of Deposition (the "Amended Notice") on Lumico, with a virtual deposition scheduled for March 25, 2025. ECF Nos. 40 at 3; 40-5. On March 13, 2025, Lumico responded and objected to the Amended Notice via email. ECF No. 40-6. On March 19, Ms. Stillinger indicated that she found Lumico's objections to be "improper and unfounded." ECF No. 40 at 4. The parties exchanged several communications regarding Lumico's objections to the deposition topics, and although the parties did meet and confer to discuss the responses and objections to Ms. Stillinger's responses to Lumico's requests for production, the parties did not discuss the

deposition topics and related objections. ECF Nos. 40 at 2; 40-3. On March 21, 2025, Lumico filed its motion for protective order. ECF No. 40. As such, this motion has been fully briefed and is now ripe for review. In this order, the court will address each objection in turn.

### 1. Lumico's Motion for a Protective Order as to Topic 6

Topic 6 from Ms. Stillinger's Amended Deposition Notice states:

> The design, form filings, actuarial memorandum (ICC16-GL-SI-001), application (ICC20-LUM-SI-APP-001), statement of variability (ICC20-LUM-SI-APP-001), underwriting assumptions, readability, and premium structure for ICC16-GL-SI-001, as filed for use in South Carolina for the period January 1, 2017 to the present, and the bases, reasons and rationale underlying any changes or modifications made thereto, including amended or replacement filings.

ECF No. 40-5 at 8.

As discussed, Ms. Stillinger asserts causes of action for: (1) breach of contract; (2) insurance bad faith; (3) negligence/recklessness, and (4) unfair claims practices. Compl. ¶¶ 41–62. However, "[r]elevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Lumico objects to Topic 6 on the basis it is "unduly burdensome as it seeks testimony regarding subjects that are not relevant to the claims or defenses asserted by the Parties to this action." ECF No. 40 at 10. Lumico argues any "testimony regarding form filings, product design, actuarial memorandum, statement of variability, underwriting assumptions, readability, and premium structure of the Policy" does not relate to any of Ms. Stillinger's claims. ECF No. 40 at 10. Lumico argues that Ms. Stillinger possesses the documents that identify the portions of the application that Lumico deems material, specifically Lumico's underwriting rules. ECF No. 47 at 6.

In response, Ms. Stillinger argues that it is relevant whether the policy adhered to the readability requirements of the South Carolina Department of Insurance's regulations. ECF No. 43 at 10. Ms. Stillinger argues that adherence "is exceedingly relevant where Lumico argues that rescission is proper based on its allegations concerning a material misrepresentation," and that she wants to inquire as to which parts of the policy Lumico believes to be material. Id.

The court finds the regulatory policy filing with the South Carolina Department of Insurance is relevant as to the readability and material terms of the policy and whether recession is proper, which goes directly to Ms. Stillinger's breach of contract claim. However, although the scope of the request is limited to the implementation of the policy generally and the application of the policies to Mr. Stillinger only, the court finds that having Lumico's corporate representative testify to the "form filings, product design, actuarial memorandum, statement of variability, underwriting assumptions, readability, and premium structure" is unnecessarily duplicative and burdensome, as Ms. Stillinger can obtain the information in a less burdensome way, via Lumico's underwriting rules. See United Prop. and Cas. Ins. v. Couture, 2021 WL 5141292, at *5 (D.S.C. Nov. 4, 2021) ("If the responding party has 'demonstrated the burden such discovery will have on them' and that the requesting party 'can obtain the factual support . . . in other less burdensome ways,' then a court may instead require the responding party to provide the information through other means.") (quoting Proa v. NRT Mid-Atl., Inc., 2008 WL 11363286, at *14 (D. Md. June 20, 2008)). Because the court finds that Ms. Stillinger can obtain the requested information through the less burdensome method of Lumico's

underwriting rules, the court finds the request is unduly burdensome and grants the protective order as to Topic 6.

### 2. Lumico's Motion for a Protective Order as to Topic 7

Topic 7 from Ms. Stillinger's Amended Notice states:

[Lumico's] sale, underwriting, issuance, administration, and claims handling for the simplified issue term life insurance policy form (ICC16-GL-SI-001) sold to insureds in South Carolina for the period January 1, 2017 to the present, including for each year (or year to date for partial year):

- the number of applications for the policy form
- the number of applications rejected or declined
- the number of applications approved with policies issued
- the average and total face amount of the policies issued
- the number of claims submitted within two years of the policy issue date (claims tied and counted to the year of issue)
- the number of claims [Lumico] contested and sought to rescind the policy
- the number of policies [Lumico] contested and sought to rescind prior to the insured's death

ECF No. 40-5 at 8.

Lumico objects to Topic 7 on the basis it is "unduly burdensome as it seeks testimony regarding subjects that are not relevant to the claims or defenses asserted by the Parties to this action." ECF No. 40 at 11. Lumico argues the "issuance of other policies and administration of other insurance claims made by non-parties have no bearing on and are not relevant to [Ms. Stillinger's] claims or to Lumico's defenses." Id. Lumico argues Topic 7 is not relevant to Ms. Stillinger's breach of contract or bad faith claims because courts have found "evidence of other insurance claims irrelevant to [a] breach of contract claim" and that "claims of other policyholders are irrelevant to whether the insurer had reason to know it was acting without a reasonable basis." Id. at 12.

9

In response, Ms. Stillinger argues "courts . . . routinely permit discovery into an insurance company's handling of similar claims and/or policies—especially in the context of bad faith claims and where the request is limited to a specific policy and state of issuance." ECF No. 43 at 11. She argues that examining the issuance of the policy is relevant to "[determining] consistency with contract interpretations, requirements, and materiality of terms" and, by extension, to determining if Lumico's bad faith actions here are consistent with Lumico's handling of similar claims. Id. at 12.

The court finds Ms. Stillinger's Topic 7 request for information on how Lumico issues its policies, to the parties in this case and to non-parties generally, is likely to yield evidence that is relevant to Ms. Stillinger's second cause of action of bad faith. Beyond that, Lumico has failed to show disproportional harm or a lack of good faith. The party seeking relief must make a "specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." Wellin v. Wellin, 2018 WL 3254482, at *9 (D.S.C. Feb. 9, 2018), report and recommendation adopted, 2018 WL 3254476 (D.S.C. Mar. 22, 2018) (citing Brittain v. Stroh Brewery Co., 136 F.R.D. 408, 412 (M.D.N.C. 1991)). Absent a showing by Lumico of "specific demonstration of facts in support of the request [for a protective order]"[1], the court finds Ms. Stillinger's request to be relevant and denies Lumico's motion for a protective order as to Topic 7.

### 3. Lumico's Motion for a Protective Order as to Topic 8

Topic 8 from Ms. Stillinger's Amended Deposition Notice states:

---

[1] See Wellin, 2018 WL 3254482 at *9 (D.S.C. Feb. 9, 2018).

> [Lumico's] duties, obligations, and compliance with South Carolina's insurance code and regulations in general, and specific to the Policy and this case, applicable to:
>
> - agent licensing and appointment (Title 38 – Insurance, Chapter 43, Section 38-43-10; Section 38-43-50; Section 38-43-240)
> - trade practices (Title 38 – Insurance, Chapter 43, Section 38-57-10; Section 38-57-30; Section 38-57-70)
> - claims practices (Title 38 – Insurance, Chapter 59, Section 38-59-20; Section 38-59-40)
> - insurance contracts (Title 38 – Insurance, Chapter 61, Section 38-61-10; Section 38-61-20; Section 38-61-40)
> - life insurance (Title 38 – Insurance, Chapter 63, Section 38-63-80; Section 38-63-90; Section 38-63-110; Section 38-63-210; Section 38-63-230)

ECF No. 40-5 at 8–9.

Lumico objects to Topic 8 on the basis it is "unduly burdensome as it seeks testimony regarding subjects that are not relevant to the claims or defenses asserted by the Parties to this action." ECF No. 40 at 13. Lumico does not object to presenting a witness (or witnesses) to testify to "[t]he number of applications for the policy [for] agent licensing and appointment" as it relates to the policy and Ms. Stillinger's claim under the policy or to "claims practices . . . as it relates to the policy and [Ms. Stillinger's] claim under the policy." Id. at 12–13. Lumico specifically objects to testifying generally to the five chapters of the South Carolina Insurance Code and fifteen different sections of the code, which it claims do not relate to the claims and defenses in this litigation. Id. at 13.

Ms. Stillinger argues Lumico has made no effort to actually explain how this area of inquiry is "overbroad" or irrelevant—aside from its conclusory statements. ECF No. 43 at 14. Ms. Stillinger contends Topic 8 is not unduly burdensome, as she identified specific sections that relate to the claims at issue. Id. at 12. Ms. Stillinger argues she has

11

narrowed the request to very specific sections of the South Carolina Code applicable to this case and has explained how each section is relevant:

- **Agent licensing and appointment (Title 38 – Insurance, Chapter 43, Section 38-43-10; Section 38-43-50; Section 38-43-240):** These sections are relevant to Ms. Stillinger's claims and allegations related to Lumico allowing "a non-appointed producer to solicit, sell and take an application for the Policy in direct violation of South Carolina insurance law."

- **Trade practices (Title 38 – Insurance, Chapter 43, Section 38-57-10; Section 38-57-30; Section 38-57-70):** These sections are relevant as they discuss unfair trade practices, including misrepresentations made to both insureds and those having an interest in a policy (i.e., Ms. Stillinger). Here, the claims concern, among other things, Lumico's own misrepresentations concerning what it knew and when it knew it, what it actually finds material in the application, and the applicability of South Carolina law on oral applications.

- **Claims practices (Title 38 – Insurance, Chapter 59, Section 38-59-20; Section 38-59-40):** These sections are relevant as they go to Lumico's claims practices which is specifically at issue through Ms. Stillinger's bad faith claim, as well as her negligence/recklessness claim. The Complaint specifically cites to portions of these sections of the Code.

- **Insurance contracts (Title 38 – Insurance, Chapter 61, Section 38-61-10; Section 38-61-20; Section 38-61-40):** These sections are relevant as they go to Lumico's obligations to ensure the policy satisfies the necessary filing and readability requirements. Whether Lumico complied with both of these obligations for the policy and any other forms is inherently relevant to whether Lumico is permitted to rely upon the oral application or any other documents to rescind the policy.

- **Life insurance (Title 38 – Insurance, Chapter 63, Section 38-63-80; Section 38-63-90; Section 38-63-110; Section 38-63-210; Section 38-63-230):** These sections pertain specifically to individual life insurance—the type of policy at issue in this lawsuit. Further, they discuss Lumico's obligations towards insureds, what makes up the entire policy, and how Lumico is permitted to rescind an insurance policy. All of these are issues in this lawsuit—again these are statutes specifically cited in the Complaint."

ECF No. 43 at 13 (footnotes omitted).

The court finds Ms. Stillinger's request is not sufficiently narrowed because she requests information generally, in a broad swath, on Lumico's practices in connection to the South Carolina Insurance Code. Although Ms. Stillinger selected specific policies and explained how each policy is relevant to this case, she did not explain how each policy is relevant in general. Lumico specifically objected to testifying generally to the five chapters of the South Carolina Insurance Code and fifteen different sections of the code, which it claims do not relate to the claims and defenses in this case. The court agrees with Lumico. Ms. Stillinger has yet to adequately explain how Lumico's general practices are relevant to her case, or explain why the portion of the request Lumico objected to is not unduly burdensome. As such, the request for Lumico's compliance "in general" is not relevant to this case, and Lumico's motion for a protective order as to Topic 8 is granted.

### 4. Lumico's Motion for a Protective Order as to Topics 11 and 12

Ms. Stillinger's Amended Notice Topic 11 states:

> With respect to this case, the facts, witnesses, and documents that [Lumico] contends support its answers, defenses, and counterclaims asserted in each paragraph of its Answer [a]nd Affirmative Defenses to Complaint, [a]nd Counterclaim.

ECF No. 40-5 at 9.

Lumico objects to Topic 11 on the basis it is "not stated with reasonable particularity." ECF No. 40 at 14. In essence, Lumico argues Topic 11 necessarily seeks for a witness to memorize every document that supports Lumico's pleadings. Id.

In response, Ms. Stillinger argues that Topic 11 is particular, as it is narrowed to information Lumico relied on in this case. ECF No. 43 at 16. She contends that seeking

discovery into the facts, evidence, and witnesses that Lumico will rely upon is the very definition of relevant evidence. Id.

Similarly, Ms. Stillinger's Amended Notice Topic 12 states:

> With respect to this case, [Lumico's] responses to written discovery—requests for production—and its investigation and efforts undertaken to respond to each request.

ECF No. 40-5 at 9.

Just as it did for Topic 11, Lumico objects to Topic 12 on the basis that it is not stated with reasonable particularity. ECF No. 40 at 14. Lumico argues Topic 12 necessarily seeks for a witness to memorize every document that was produced in response to Ms. Stillinger's fifty-five Requests for Production and thirty-five Requests to Admit. Id.

Ms. Stillinger makes the same argument for Topic 12 as she did for Topic 11. ECF No. 43 at 16. Similar to her response on Topic 11, she argues that the fact that there may be a large volume of discovery in this case is not a basis to prevent Ms. Stillinger from requesting this information. Id.

Courts are split "as to whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories." St. John Haney v. Kavoukjian, 2020 WL 12762509, at *3 & n.1 (D.S.C. Aug. 3, 2020). Ms. Stillinger cites to Tarokh v. Wal-Mart Stores E., LP, 342 F.R.D. 383, 386 (D.S.C. 2022), where the court denied a protective order as to a topic "limited to the facts underlying specific allegations in this lawsuit and to specific defenses asserted by Defendants." Id. at 16 n.41. In Tarokh, the court held parties should be allowed "to craft [R]ule 30(b)(6) inquiries similar to contention interrogatories, because this rule will ultimately lead to fewer disputes about what subject matter is permitted in 30(b)(6) depositions and advances the policy

14

underlying the rules favoring disclosure of information." Tarokh, 342 F.R.D. at 387 (alteration in original) (quoting Radian Asset Assurance, Inc. v. College of the Christian Bros. of New Mexico, 273 F.R.D. 689, 691–92 (D.N.M. 2011)).

    Here, the court finds Topic 11 is limited to the facts underlying specific allegations in this lawsuit and to specific defenses asserted by Lumico. However, this district has narrowed discovery requests when they are overbroad and fail to state with reasonable particularity the information sought. See Mach. Sols., Inc. v. Doosan Infracore Am. Corp., 323 F.R.D. 522, 528 (D.S.C. 2018) (holding that discovery request asking a party to provide "all facts" relating to [that party's] legal claims or defenses was "overly broad and unduly burdensome"). In Aikens v. Cianbro Corp. the court noted requests that a corporate representative be knowledgeable about "any and all documents requested in and/or produced in discovery . . . [did] not set out with reasonable particularity how [the] topic would be limited to relevant matters." 2022 WL 171286, at *4 (D.S.C. Jan. 19, 2022). The Aikens court found requesting "that the individual have knowledge about the circumstances surrounding the allegations in the complaint . . . is overly broad and vague." Id.

    The court finds that, according to the framework to assess 'reasonable particularity' set forth in Aikens, Ms. Stillinger's Topic 11 and 12 requests are overly broad and unduly burdensome. The demand on Lumico's corporate representative to prepare for, and to testify about, all of the supporting facts and documents on all of Lumico's claims and responses, is not set out with reasonable particularity. See Aikens, 2022 WL 171286 at *4. Accordingly, the court grants Lumico's motion for a protective order as to Topics 11 and 12.

15

### B. Lumico's Motion to Compel Ms. Stillinger's Response to Lumico's First Set of Interrogatories

On December 27, 2024, Lumico served its first set of interrogatories on Ms. Stillinger. ECF No. 41 at 2. On February 25, 2025, Ms. Stillinger served her responses to the interrogatories, which Lumico believed to be deficient or otherwise incomplete. Id. Lumico requested Ms. Stillinger amend her responses, and she informed Lumico she would not amend. ECF No. 41 at 3. Lumico moves to compel Ms. Stillinger to provide full and complete responses to Interrogatories 6, 7, 8, 9, 11, 12, and 13 of Lumico's First Set of Interrogatories. ECF No. 41 at 1. During the hearing before the court on May 19, 2025, the court denied without prejudice the motion to compel for Interrogatories 6, 7, 8, and 11. ECF No. 51. At the hearing the court granted the motion to compel for Interrogatories 12 and 13. Id. As such, this motion has been fully briefed and is now ripe for review. Thus, in this order the court will address Interrogatory 9.

Before discussing the specifics of the motion, the court will briefly identify the parties listed in the request. Steve Burgess ("Burgess") is a non-attorney insurance claim representative who assisted both Ms. Stillinger and a plaintiff in another lawsuit, Keith Ali ("Ali"). ECF No. 41 at 5. Burgess aided both in respect to their claims under simplified issue term life insurance policies from Lumico. Id. Michelle Marinacci ("Marinacci") is counsel for Ali in the "Ali lawsuit." See Ali v. Lumico Life Insurance Company, Case No. 5:24-CV-00046 (N.D. W. Va.) (Wheeling). Id. Neither are parties to this lawsuit or counsel to the parties to this lawsuit.

Lumico's Interrogatory 9 states: "Identify the dates and times of any Communications between You and (a) Steve Burgess, (b) Michelle Marinacci, and (c) Keith Ali."[2] ECF No. 41-1 at 9.

Ms. Stillinger responded to this interrogatory by stating:

> Objection. This interrogatory improperly seeks protected work product and privileged communications. As Lumico is well aware, Mr. Burgess is a retained expert. Any communications between Ms. Stillinger and Mr. Burgess would be protected. As to Ms. Marinacci or Mr. Ali, the interrogatory is not likely to lead to relevant admissible evidence. This case involved the life insurance policy Lumico issued to Mr. Stillinger. The only relevant claim was submitted by Ms. Stillinger to Lumico seeking the policy benefits. Subject to these objections, and without waiving any other objection, Ms. Stillinger's relevant and principal factual response is as follows: Response. Ms. Stillinger does not know either Michelle Marinacci or Keith Ali.

Id.

Lumico contends Ms. Stillinger's response is deficient. ECF No. 41 at 5–8. In its motion to compel, Lumico argues that Interrogatory 9 extends to any unprivileged knowledge of Ms. Stillinger's counsel, and that the information is not privileged and is relevant and discoverable. Id. Lumico argues Ms. Stillinger has not provided any information upon which a claim for work product could be evaluated, rendering the objection waived. ECF No. 41 at 7.

In response, Ms. Stillinger makes multiple arguments: first, that she properly answered the question as it pertained to her knowledge, ECF No. 45 at 8; second, that the interrogatory seeks information protected by the work product doctrine[3], ECF No. 45 at

---

[2] At the hearing, Lumico modified its request, and no longer requests communications with Keith Ali. ECF No. 51.

[3] In advancing this argument, Ms. Stillinger contends that Burgess is a retained expert and any communications between Ms. Stillinger and Burgess would be privileged. ECF No. 45 at 10.

17

10; and third, that her communications with Marinacci are irrelevant and outside the scope of discovery.  ECF No. 45 at 6–9.  This court has previously noted that "[t]he scope of discovery . . . is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case."  Beaumont v. Branch, 2024 WL 3742755, at *3 (D.S.C. Aug. 9, 2024) (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)).  With that said, "discovery is not limitless, and the court has the discretion to protect a party from 'oppression' or 'undue burden or expense.'"  Id. (quoting Fed. R. Civ. P. 26(c)).  This court finds that Lumico's has not made a showing on Interrogatory 9 that the information it requests is relevant or proportional to the needs of the case, and denies Lumico's motion to compel.  However, the court wishes to address Ms. Stillinger's argument that she properly answered Interrogatory 9.

Thus, the court now looks to Ms. Stillinger's answer to the interrogatory.  Federal Rule of Civil Procedure 33(b)(1) states "[t]he interrogatories must be answered . . . by the party to whom they are directed."  Ms. Stillinger stated in her response to Interrogatory 9, she "does not know either Michelle Marinacci or Keith Ali."  ECF No. 45 at 8.  Ms. Stillinger further argues that, while her counsel may have spoken with Marinacci, any of those communications are irrelevant to the claims or defenses in this lawsuit.  Id.  Lumico argues it defined "You" or "Your" to include Ms. Stillinger, her agents, and her attorneys, it its first set of interrogatories.  ECF No 48-4 at 1.  It argues therefore any communication between Ms. Stillinger's attorneys and Marinacci is relevant.  ECF No. 41 at 6; see C.I.R. v. Banks, 543 U.S. 426, 436 (2005) ("The relationship between client and attorney . . . is a quintessential principal-agent relationship.").

The court finds the interrogatory extends to Ms. Stillinger, her agents, and attorneys, as the definition in the interrogatory is broad enough to encompass them all. Thus, the court overrules Ms. Stillinger's objection that because she does not personally know Burgess or Marinacci she does not have to answer, although, this ruling does not affect the merits of this order.

The court has found that Lumico's request is neither relevant nor proportional to the needs of this case.  To that end, the court does not address Ms. Stillinger's additional asserted defense of protected work product, and instead denies Lumico's motion to compel a further response to Interrogatory 9, for the aforementioned reasons.

### IV.   CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART** and **DENIES IN PART** Lumico's motion for a protective order and **GRANTS IN PART** and **DENIES IN PART** Lumico's motion to compel.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 29, 2025**
**Charleston, South Carolina**